WIGGINTON, Judge
(dissenting).
The evidence establishes without dispute that plaintiff’s deceased was properly carrying out his employer’s instructions when he entered and commenced grading that part of the road right-of-way in which the buried gas line exploded and killed him. The deceased had no prior knowledge of the existence of the gas line and the evidence, although conflicting, is sufficient to establish that the city represented to the deceased’s employer that the gas line had been relocated by the city in accordance with its admitted obligation and the area was safe.
The court’s instruction No. 1 quoted in the majority opinion placed on plaintiff the burden of proving by the greater weight of the evidence that the deceased personally knew of and relied upon the erroneous representation made by the city’s agents to the employer that the gas line had been relocated and the area was safe before plaintiff would be entitled to prevail. The law does not require plaintiff to sustain such a burden. If the city’s agents negligently and erroneously represented to the deceased’s employer that the gas line had been relocated and the area could be safely graded, and the employer thereupon instructed the deceased to proceed to grade the road in the area where the explosion occurred, it is not a necessary prerequisite to recovery that the deceased knew and relied upon the city’s erroneous representations. Being of the view that the instruction objected to by appellant was erroneous as a matter of law and very well could have misled the jury in its deliberations, I would reverse the judgment and remand for a new trial.